■  PIONEER FOOD STORES COOPERATIVE, INC., Appellant, v BROKERAGE SURPLUS CORPORATION, as Attorney-in-Fact of and Representing STUART J. MEW (LLOYD'S OF LONDON), et al., Respondents. STUART J. MEW, Defendant and Interpleading Plaintiff-Respondent, v PIONEER FOOD STORES COOPERATIVE, INC., et al., Interpleaded Defendants.—Order, Supreme Court, Bronx County, entered June 27, 1978 in favor of plaintiff Pioneer against defendant Mew for the sum of $81,500, is unanimously modified, on the law and the facts, to adjudge that said plaintiff shall also recover from said defendant interest on said amount from June 13, 1977, at a rate to be fixed on the order to be settled hereon, and the judgment is otherwise affirmed, with costs on appeal to said plaintiff against said defendant. If plaintiff's right to the fund was based on breach of contract, plaintiff was entitled to interest as a matter of law; if plaintiff's right was based on its equitable claim "interest and the rate and date from which it shall be computed shall be in the court's discretion." (CPLR 5001, subd [a].) Applying the latter rule, we think that as defendant Mew had the use of the money and plaintiff did not have the use of the money during the period of the dispute, plaintiff is

entitled to interest representing the value of that use. The New York standard form of fire insurance policy provides that the amount of loss for which the insurance company is liable should be payable 60 days after proof of loss. Although the owner of the insured property submitted proof of loss on February 8, 1977, the first notice to the insurance company that plaintiff Pioneer claimed the right to the proceeds was a letter of April 13, 1977. We analogize that notice to a proof of loss, and therefore direct that interest shall begin to run from 60 days after that date (June 12, 1977 was a Sunday). The parties may make submissions as to the rate of interest on the settlement of the order to be entered hereon. Concur—Birns, J. P., Fein, Sandler, Silverman and Ross, JJ.