SUMMARY ORDER
Plaintiff-Appellant William Digianni (“Digianni”) appeals from a December 19, 2007 judgment of the United States District Court'for the Eastern District of New York (Korman, J.), denying his motion for summary judgment; granting that of Defendants-Appellees Michael Bloomberg, New York City, New York City Department of Education, and New York City Teaching Fellows (collectively “the City”); and dismissing the complaint in its entirety. We assume the parties’ familiarity with the underlying facts and procedural context of the case.
In 2005, Digianni applied to the New York City Teaching Fellows program (“NYCTF”), a teaching certification program, and was invited to take part in an interview that included the submission of a timed writing sample. Digianni requested accommodation with respect to the writing sample due to an alleged learning disability. He was granted extra time to complete the sample, as well as other accommodations, but according to the City failed *494 to meet the minimum interview scores required to move to the next phase of the hiring process. He brought this suit pro se in March 2006, claiming the City discriminated against him based on disability in violation of, inter alia, the Americans with Disabilities Act (“ADA”). The parties completed discovery and moved for summary judgment. Magistrate Judge Lois Bloom recommended judgment for the City and dismissal of Digianni’s claims and, after de novo review, the district court adopted the magistrate’s report and recommendation. Digianni appeals.
We review the district court’s order granting summary judgment de novo and “resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.” Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir.2003) (quoting Stem v. Trs. of Columbia Univ., 131 F.3d 305, 312 (2d Cir.1997)). Viewing the alleged facts in this light, we can discern no genuine issue of material fact. See Fed.R.Civ.P. 56(c). Assuming he suffers from a disability within the meaning of the ADA, Digianni presented no evidence that his disability played any role in the City’s determination not to hire him. Indeed, he was afforded the requested accommodation and failed to meet the City’s minimum competency requirements. Nor does Digianni point to any other candidate with a similar level of competency that was hired by the City. The only purported evidence of bias or pretext that Digianni offered was the City’s rejection letter, which states only that the NYCTF applicant pool is very competitive and that NYCTF receives many more applications than positions available. By contrast, the City provided the court with detailed evaluations of Digianni’s application and his performance in his interview.
Digianni’s argument that he was impermissibly denied discovery also fails because he did not supply the court with an affidavit explaining why he could not effectively oppose the City’s cross-motion for summary judgment without further discovery, as required by Federal Rule of Civil Procedure 56(f). See Paddington Partners v. Bouchard, 34 F.3d 1132, 1137 (2d Cir.1994).
Accordingly, for the reasons set forth above and in Magistrate Judge Bloom’s report and recommendation, the judgment of the district court is hereby AFFIRMED.