SUMMARY ORDER
Kenneth Wright and Gary Thompson appeal from a judgment of the district court dismissing their employment discrimination complaints against Eastman Kodak Company (“Kodak”). We assume the parties’ familiarity with the facts, proceedings below, and specification of issues on appeal- and note that both plaintiffs limit their appeals to the district court’s denial of their Federal Rule of Civil Procedure 56(f) motion for further discovery. We consolidate the two separate appeals, which were heard in tandem, for purposes of disposition.
We review a district court’s denial of a Rule 56(f) motion for abuse of discretion. Williams v. R.H. Donnelley Corp., 368 F.3d 123, 126 n. 1 (2d Cir.2004). To obtain additional discovery in the face of a pending summary judgment motion, the applicant for discovery must submit an affidavit including “the nature of the uncompleted discovery; how the facts sought are reasonably expected to create a genuine issue of material fact; what efforts the affiant has made to obtain those facts; and why those efforts were unsuccessful.” Pad- *739 dington Partners v. Bouchard, 34 F.3d 1132, 1138 (2d Cir.1994). Where the applicant has been dilatory in pursuing discovery, its request is “disfavored.” Id. at 1139. Further, “[e]ven where a Rule 56(f) motion is properly supported, a district court may refuse to allow additional discovery ‘if it deems the request to be based on speculation as to what potentially could be discovered.’ ” Nat’l Union Fire Ins. Co. of Pittsburgh, Pa. v. Stroh Cos., 265 F.3d 97, 117 (2d Cir.2001) (quoting Paddington Partners, 34 F.3d at 1138).
The district court did not abuse its discretion. Although plaintiffs sought discovery early in the pretrial process and initially moved to compel disclosure, after the magistrate judge denied plaintiffs’ motion to compel with leave to renew, plaintiffs did not renew their motion in the more than a year that elapsed before the deadline to do so. Indeed, even when Kodak moved for summary judgment twelve days before the deadline for making a motion to compel, the plaintiffs did not renew their motion. Nor did they seek an extension of that deadline. Further, they were vague both in their description of requested documents and in their explanations of how those documents and/or requested deposition testimony would satisfy their burden of demonstrating a genuine dispute of material fact. Thus, the district court’s decision was justified by the plaintiffs’ delay in making an appropriate motion and by the speculative nature of their claim that the requested discovery would enable them to defeat Kodak’s summary judgment motion.
Therefore, we affirm the judgment of the district court.