**A.M. KAWSKI, on behalf of herself and all other employees similarly situated, Plaintiff–Appellant,**

v.

**JOHNSON & JOHNSON, Ortho–Clinical Diagnostics, Separation Pay Benefit Plan, Robert Darretta, Joann Heffernan Heisen, Johnson & Johnson Separation Release Plan, John Papa, Pension Committee of Johnson & Johnson, Severance Plan of Johnson & Johnson and Affiliated Companies, Defendants–Appellees.**

No. 08–4608–cv.

United States Court of Appeals, Second Circuit.

Sept. 1, 2009.

J. Nelson Thomas, Dolin, Thomas & Solomon LLP, Rochester, N.Y., for Appellant.

Ellen M. Martin (Sarah E. Zgliniec and Nivritha C. Ketty, on the brief), Patterson Belknap Webb & Tyler, LLP, New York, N.Y., for Appellees.

Present: ROSEMARY S. POOLER, PETER W. HALL, DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant A.M. Kawski, on behalf of herself and all other employees similarly situated ("Kawski"), appeals from an August 20, 2008 order of the district court granting defendants-appellees' (collectively, "Johnson & Johnson") motion for summary judgment and and August 27, 2008 judgment dismissing Kawski's complaint and declining to exercise supplemental jurisdiction over Kawski's breach of contract claim. The issues on appeal are whether the district court erred in granting summary judgment on the ground that Johnson & Johnson's alleged practice of offering payments in exchange for a release of claims was an employee welfare benefit plan under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and whether the district court erred in denying Kawski's application under Rule 56(f) of the Federal Rules of Civil Procedure for additional discovery. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review the district court's decision to grant summary judgment de novo. *Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). We review a district court's denial of a motion under Rule 56(f) for abuse of discretion, and will not reverse where a plaintiff has failed to show "how the facts sought are reasonably expected to create a genuine issue of material fact." *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1137–38 (2d Cir.1994).

■ "A finding that a particular program is a 'plan' under ERISA depends in part upon whether that program 'requires an ongoing administrative program to

meet the employer's obligation.'" *Kosakow v. New Rochelle Radiology Assocs.*, 274 F.3d 706, 736 (2d Cir.2001) (quoting *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 11, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987)). Accordingly, this Court considers three factors in determining whether an employee benefit was granted pursuant to an ERISA plan: (1) "whether a reasonable employee would perceive an ongoing commitment by the employer to provide employee benefits"; (2) "whether the employer's undertaking or obligation requires managerial discretion in its administration"; and (3) "whether the employer was required to analyze the circumstances of each employee's termination separately in light of certain criteria." *Schonholz v. Long Island Jewish Med. Ctr.*, 87 F.3d 72, 76 (2d Cir.1996) (quotation marks omitted); *see also Kosakow*, 274 F.3d at 737; *Tischmann v. ITT/Sheraton Corp.*, 145 F.3d 561, 566 (2d Cir.1998).

To be sure, the record supports Kawski's claim that Johnson & Johnson had an ongoing practice of providing release agreements to certain employees. But Kawski points to no communication or other evidence suggesting that "a reasonable employee would perceive an ongoing *commitment*" by Johnson & Johnson to provide such payments. *Schonholz*, 87 F.3d at 76 (emphasis added) (quotation marks omitted). Although we have never found any one factor to be determinative in all cases, *see, e.g., Kosakow*, 274 F.3d at 737, the absence of evidence of any promise of benefits made by Johnson & Johnson to its employees demonstrates that ERISA's purpose of enforcing employer commitments is not implicated here, *see Fort Halifax*, 482 U.S. at 15, 107 S.Ct. 2211.

With respect to the other factors, the record supports the claim that Johnson & Johnson's determination of eligibility was based on a simple policy—employees who were involuntarily terminated and eligible for benefits under Johnson & Johnson's ERISA plan were offered release agreements. And in most cases, the amount of the payment was based on "simple arithmetic calculations" akin to those we have found insufficient to constitute the type of "managerial discretion" that is one hallmark of an ERISA plan. *James v. Fleet/Norstar Fin. Group, Inc.*, 992 F.2d 463, 468 (2d Cir.1993). This practice cannot be characterized as the type of complex administrative scheme that ERISA was designed to regulate. *See Fort Halifax*, 482 U.S. at 11, 107 S.Ct. 2211.

■ Kawski argues that she was entitled to additional discovery related to a Johnson & Johnson document titled "Worldwide Policy Manual" that includes a template release agreement. We do not agree that this manual provides a reasonable basis for the suspicion that additional evidence of an ERISA plan may exist. The manual states that separation agreements will "not normally be necessary" and that the template is being provided "for informational purposes." Based on this statement, any employee who had seen the manual could not have reasonably perceived a commitment by Johnson & Johnson to offer payments. Nor does the template suggest there could be further evidence of an administratively complex benefits scheme.

■ Kawski also argues that Johnson & Johnson failed to conduct a document review to determine conclusively whether any exceptions were made to its practice of determining eligibility for a release agreement based on a simple test. The district court did not abuse its discretion in denying further discovery on this issue, which would have been cumulative and unlikely to bear on any material question of fact.

We have considered Kawski's remaining arguments on appeal and find them to be

without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.