**In re 1115 THIRD AVENUE REST. CORP., d/b/a David K's, Debtor.**

**1115 THIRD AVENUE REST CORP., Appellant,**

v.

**NEW YORK LIFE INSURANCE COMPANY, Appellee.**

**Bankruptcy No. 92 B 43482 (CB). No. 95 Civ. 0349 (MGC).**

United States District Court, S.D. New York.

Aug. 4, 1995.

Daniel A. Zimmerman, New York City, for debtor/appellant.

Finkelstein, Borah, Schwartz, Altschuler & Goldstein, P.C. by Lewis A. Lindenberg, New York City, for appellee.

### AMENDED MEMORANDUM OPINION AND ORDER

CEDARBAUM, District Judge.

1115 Third Avenue Rest. Corp. (the "Debtor") appeals from the Bankruptcy Court's denial of its motion pursuant to Fed.R.Civ.P. 60(a) and (b) for correction, clarification and/or modification of an order confirming the plan of reorganization. For the reasons discussed below, the Bankruptcy Court's decision is affirmed.

#### Background

The Debtor and New York Life Insurance Company ("NYL") submitted competing plans of reorganization to the Bankruptcy Court. Judge Blackshear held a confirmation hearing on the plans on June 2, 1994. He ruled that if the Debtor made a deposit of $500,000 to fund its plan by June 7, 1994, he would confirm the Debtor's plan, but that if the Debtor failed to make the deposit by that date, NYL's plan would be confirmed. No deposit was made by June 7, and Judge Blackshear signed an order confirming NYL's plan on June 10, 1994. The order was docketed on June 20, 1994.

The Debtor failed to file a timely notice of appeal. On July 15, 1994, the Debtor made an untimely motion for an order extending its time to file a notice of appeal. Judge Blackshear denied the motion on August 22, 1994. On April 21, 1995, I affirmed the Bankruptcy Court's denial of the Debtor's untimely motion.

In late October 1994, the Debtor moved for "correction, clarification and/or modification" of the Bankruptcy Court's order confirming the NYL plan. Judge Blackshear denied that motion on November 17, 1994.

#### Discussion

The Debtor contends that the Bankruptcy Court abused its discretion in denying the motion to correct or clarify the order confirming the plan. In particular, the Debtor argues that one paragraph of the plan regarding the continuation of its litigation with NYL is unclear without the addition of a statement that other provisions in the plan do not prejudice the rights of the Debtor in the litigation.

Rule 60(a) provides in relevant part:

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court ... on the motion of any party....

Rule 60(b) provides in relevant part:

On motion and upon such terms as are just, the court may relieve a party or party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment.

■ An appeal from the denial of a Rule 60 motion "brings up only the denial of the motion and not the merits of the underlying judgment itself." *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1147 (2d Cir.1994). A careful examination of the transcript of the November 17, 1994 proceedings before Judge Blackshear demonstrates that there were no clerical mistakes or oversights to be corrected. The Debtor brought to Judge Blackshear's attention its concerns regarding the

**14**

potential prejudice to its litigation with NYL. However, Judge Blackshear apparently did not agree that the omission of "without prejudice" language was a "clerical mistake" or an oversight. Judge Blackshear's determination that the correction sought by the Debtor was not a clerical mistake was not an abuse of discretion.

■ The Debtor's argument regarding Rule 60(b) is the same as its argument regarding Rule 60(a)—the Debtor contends that the Bankruptcy Court should have granted the motion under Rule 60(b)(1) to correct an inadvertence. However, because Rule 60(b) provides for extraordinary relief, a motion pursuant to that rule should be granted only if the moving party demonstrates "exceptional circumstances." *Id.* at 1142. The Debtor has not even argued that "exceptional circumstances" exist that would justify relief under Rule 60(b). Therefore, Judge Blackshear's denial of the Rule 60(b) motion was not an abuse of discretion.

Accordingly, the Bankruptcy Court's decision is affirmed.

SO ORDERED.