107 F.3d 2
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
John Andrew CUOCO, Plaintiff-Appellant,
v.
THE FEDERAL BUREAU OF PRISONS, et al., Defendants-Appellees.
 No. 96-2424.
 United States Court of Appeals, Second Circuit.
 Feb. 21, 1997.
 
 APPEARING FOR APPELLANT: John Andrew Cuoco, pro se, Marion, IL.
 APPEARING FOR APPELLEES: Edward Scarvalone, Asst U.S. Atty., New York, N.Y.
 Present: NEWMAN, Chief Judge. KEARSE, and FRIEDMAN,* Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is hereby AFFIRMED.
 
 
 3
 John Andrew Cuoco appeals pro se from the April 18, 1996, order of the District Court denying his motion under Rule 60(b) of the Federal Rules of Civil Procedure to vacate the Court's December 6, 1994, judgment dismissing a civil rights action for want of prosecution. The appeal brings up for review only the denial of the Rule 60(b) motion, see Paddington Partners v. Bouchard, 34 F.3d 1132, 1147 (2d Cir.1994), and the ruling is reviewed for abuse of discretion, Employers Mutual Casualty Co. v. Key Pharmaceuticals, Inc., 75 F.3d 815, 824 (2d Cir.1996).
 
 
 4
 Appellant's lawsuit against correctional officers was dismissed after he twice failed to comply with Court orders requiring him to file papers in opposition to a motion for summary judgment. The second failure followed an explicit warning that dismissal would occur upon noncompliance. Appellant contended on his Rule 60(b) motion, which was filed a year after the dismissal, that he had been unable to submit papers to the District Court because of his confinement. Judge Martin was fully entitled to reject that excuse in view of the appellant's filing of sixteen prison grievances during the relevant period.
 
 
 
 *
 Of the United States Court of Appeals for the Federal Circuit, sitting by designation