**Gil V. PEREZ, Plaintiff–Appellant,**

v.

**STATEN ISLAND BANK CORPORA-TION, James Coyle, President and Personally, John Brady, Vice President and Personally, Harold Doherty, Chief Executive Officer and Personally, Defendants–Appellees.**

Docket No. 02–7369.

United States Court of Appeals, Second Circuit.

March 7, 2003.

Gil V. Perez, Staten Island, New York, for Plaintiff–Appellant, pro se.

John G. Hall, Hall & Hall, LLP, Staten Island, New York, for Defendants–Appellees.

Present: STRAUB, KATZMANN, and RAGGI, Circuit Judges.

**SUMMARY ORDER**

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby **AFFIRMED.**

Petitioner–Appellant Gil V. Perez appeals, *pro se,* from a decision of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*) denying Perez's motion to reinstate the action, it having been previously dismissed without prejudice upon Perez's voluntary and unopposed motion.

The complaint alleges that the defendants-appellees deliberately discriminated against Perez, an individual of Hispanic origin, by denying his loan application. Defendants moved to dismiss the complaint, and the motion was argued before the District Court on January 9, 2002. At the hearing, the District Court converted the defendants' motion into one for summary judgment, warned Perez of the specificity of evidence required when opposing summary judgment, and instructed the parties to submit supplemental briefing.

On February 4, 2002—before any supplemental briefing was submitted on the pending summary judgment motion—Perez filed a motion to withdraw his action without prejudice because he believed that the defendant bank would "ultimately perform on its promises to grant subject loan, resolve [the] dispute over credit reporting and further act to improve its actions with respect to minority borrowers." The District Court granted the motion by endorsement order on February 5, and directed the case to be closed. It was not until February 14 that the District Court's en-

dorsement order was entered into the docket.

On February 12, 2002, Perez filed a motion requesting that his "prior motion to discontinue the above action be withdrawn or in the alternative, that the court not grant [his] prior motion to dismiss the action." The motion was necessary, alleged Perez, because the defendants did not "earnestly intend to settle [the] matter." At a hearing on the motion on March 6, 2002, the District Court declined to reinstate the action. This timely appeal followed.

The District Court construed Perez's February 12 motion as a motion to vacate the dismissal pursuant to Fed.R.Civ.P. 60(b). We review for abuse of discretion a district court's denial of Rule 60(b) relief. *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir.1998). Relief under Rule 60(b) should be granted only under extraordinary circumstances, *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1142 (2d Cir.1994), and–when fraud is alleged–only upon a showing of clear and convincing evidence, *Fleming v. N.Y. Univ.,* 865 F.2d 478, 484 (2d Cir.1989).

Because Perez utterly failed to show that the defendants affirmatively misled him into moving voluntarily to dismiss this action without prejudice, the District Court did not abuse its discretion in denying Rule 60(b) relief. If anything, the record indicates that Perez's voluntary dismissal amounted to some sort of strategic tactic that ultimately backfired. Accordingly, the judgment of the District Court is hereby **AFFIRMED**.