Dale C. MANGAN, Plaintiff–Appellant,

v.

SOUTHERN CAYUGA CENTRAL SCHOOL DISTRICT, Peter Cardamone, in his individual and official capacity as Superintendent of School, and Scott Poreda, in his individual and official capacity as Secondary Assistant Principal, Defendants–Appellees.

Docket No. 05–0715–CV.

United States Court of Appeals, Second Circuit.

Sept. 26, 2005.

**16**

Ronald R. Benjamin, Binghamton, NY, for Appellant.

Frank W. Miller, East Syracuse, NY, for Appellees.

PRESENT: MESKILL, SACK, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

The plaintiff, Dale Mangan, appeals the district court's orders denying her request for additional discovery and granting summary judgment to the defendants, the Southern Cayuga Central School District and two of its officers (collectively, the "District"). Ms. Mangan was employed as a teaching assistant and Athletic Director by the District. Following a confrontation with District officials over the disciplining of a student, Mangan was reprimanded, relieved of her duties as Athletic Director, laid off from her job as teaching assistant, and, after being rehired pursuant to District recall policies, denied tenure. Mangan filed written complaints to the District Board of Education (the "Board") and to the United States Department of Education Office of Civil Rights ("OCR") regarding these employment setbacks. She now asserts, pursuant to 42 U.S.C. § 1983, that the District retaliated against her for exercising her First Amendment rights to object to the District's disciplinary procedures and to complain to the Board and the OCR.

### I. Discovery Request

 Mangan argues that the district court erred in ruling on the District's summary judgment motion without allowing additional discovery, in violation of Federal Rule of Civil Procedure 56(f).

We review for abuse of discretion a district court's denial of Rule 56(f) discovery. *Gualandi v. Adams*, 385 F.3d 236, 244–245 (2d Cir.2004). Rule 56(f) requires parties requesting additional discovery to file an affidavit describing: "(1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." *Gualandi*, 385 F.3d at 244.

While Mangan did state in an affidavit to the district court that "discovery is necessary to bring forth more specific evidence," [A–272] she did not describe what facts she sought, how they were reasonably expected to raise issues of material fact, or what efforts she had made to

obtain them. Therefore, it was not an abuse of discretion for the district court to deny her request for discovery. *Cf. Paddington Partners v. Bouchard,* 34 F.3d 1132, 1137 (2d Cir.1994).

## II. Summary Judgment

■ We review the district court's grant of summary judgment *de novo. Tenenbaum v. Williams,* 193 F.3d 581, 593 (2d Cir.1999), *cert. denied,* 529 U.S. 1098, 120 S.Ct. 1832, 146 L.Ed.2d 776 (2000). Summary judgment should be granted if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

"A public employee claiming First Amendment retaliation must demonstrate that: '(1) his speech addressed a matter of public concern, (2) he suffered an adverse employment action, and (3) a causal connection existed between the speech and the adverse employment action, so that it can be said that his speech was a motivating factor in the determination.' " *Feingold v. New York,* 366 F.3d 138, 160 (2d Cir.2004) (quoting *Mandell v. County of Suffolk,* 316 F.3d 368, 382 (2d Cir.2003)). Even if the employee succeeds in demonstrating these three things, the employer can still prevail "if the employer fears disruption as a result of the employee's speech and if '(1) the employer's prediction of disruption is reasonable; (2) the potential disruptiveness is enough to outweigh the value of the speech; and (3) the employer took action against the employee based on this disruption and not in retaliation for the speech.' " *Velez v. Levy,* 401 F.3d 75, 95 n. 19 (2d Cir.2005) (quoting *Jeffries v. Harleston,* 52 F.3d 9, 13 (2d Cir.1995)). "[T]he manner, time, and place" of the speech is highly relevant to the balancing of its value against its disruptiveness. *Connick v. Myers,* 461 U.S. 138, 152, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983).

The district court found that some of Mangan's speech—in particular, her written complaints to the Board and to the OCR beginning in May 2002—was of public concern, and that the value of these complaints outweighed any disruptiveness they may have caused. *See Mangan v. S. Cayuga Cent. School Dist.,* No. 5:04-CV-681, slip op. at 7–8 (N.D.N.Y. Jan. 27, 2005) [JA-7-8]. The court also found that adverse employment actions were taken against Mangan. *Id.* at 8–12. It found, however, that Mangan failed to show any causal connection between her written complaints and these adverse employment actions, *id.,* and therefore concluded that Mangan's First Amendment retaliation claim could not survive summary judgment, *id.* at 12. We agree with each of these findings and with the district court's ultimate conclusion. The record clearly indicates, to a degree of certainty sufficient for summary judgment, that the actions taken against Mangan were motivated by Mangan's behavior at work, not by her written complaints.

Mangan argues that her protected First Amendment activity was not limited to her written complaints beginning in May 2002, but that it also included her oral objections to the disciplining of a student in February 2002. The district court did not address whether this earlier speech was of public concern or whether its First Amendment value outweighed its disruptiveness. Based on a thorough review of the record, we conclude that although Mangan's oral complaints of February 2002 may have been of public concern, they were made in a "manner, time, and place" such that their speech value was outweighed by their disruptiveness. *Connick,* 461 U.S. at 152, 103 S.Ct. 1684; *see also id.* at 152–54, 103 S.Ct. 1684; *Velez,* 401 F.3d at 95 n. 19. We

also conclude as a matter of law that, to the extent the adverse employment actions taken against Mangan by the District were motivated by her February 2002 complaints, the District "took action against [Mangan] based on [the] disruption and not in retaliation for the speech." *Id.* We therefore conclude that any First Amendment claim based on those complaints fails.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.