16

Robert BALDWIN, Douglas Bennett, Raymond Hayes, and E. Michael Walker, Plaintiffs–Appellants,

v.

MOTOR COMPONENTS, L.L.C., BAM Enterprises, Inc., Mark IV Industries, Inc. and Purolator Products Company, Defendants–Appellees.

Docket No. 04–5934, 04–0970.

United States Court of Appeals, Second Circuit.

Oct. 3, 2005.

Catherine J. Trafton (Daniel W. Sherrick, William A. Wertheimer, Jr., on the brief), Detroit, Michigan, for Plaintiffs–Appellants.

Hugh C. Carlin, Gross, Shuman, Brizdle & Gilfillan, P.C., Buffalo, New York, for

Defendants–Appellees Motor Components, L.L.C. and BAM Enterprises, Inc.

Joseph J. Vogan, Varnum Riddering Schmidt & Howlett, LLP (John W. Allen, Anthony R. Comden, on the brief), Grand Rapids, Michigan, for Defendants–Appellees Mark IV Industries, Inc. and Purolator Products Company.

Present: MINER, WESLEY, Circuit Judges, RAKOFF, District Judge.[1]

### SUMMARY ORDER

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. The original complaint in this action was filed on November 26, 2002, as a class action [2] in the United States District Court for the Eastern District of Michigan. In response to a motion to change venue, District Judge Lawrence Zatkoff transferred this case to the United States District Court for the Western District of New York. The gravamen of appellants' complaint is that Motor Components, L.L.C. impermissibly amended its retiree benefits plan in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq., and § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141 et seq.

The district court (Telesca, J.) granted summary judgment in favor of appellees, holding that appellants failed to identify any language in the relevant agreements that could reasonably be interpreted as promising vested retirement welfare benefits. See Baldwin v. Motor Components, L.L.C., no. 03–6228T, 2004 WL 1698600 (W.D.N.Y. Jan. 20, 2004).

On appeal, appellants argue that the district court erred (1) in granting summary judgment prior to the completion of discovery, (2) in finding that there was no language in the relevant collective bargaining agreements that could reasonably be interpreted as promising vested retirement insurance benefits, (3) in finding that appellees' obligation to provide retiree welfare benefits did not extend beyond the expiration of the collective bargaining agreements, and (4) in finding that the reservation of rights clause in appellees' summary plan description precluded any viable claim to retiree welfare benefits.

We review the district court's grant of summary judgment de novo, construing the record in the light most favorable to the nonmoving party. See Hanson v. McCaw Cellular Communications, 77 F.3d 663, 667 (2d Cir.1996). Summary judgment is appropriate when the moving party demonstrates that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Feifer v. Prudential Ins. Co. of Am., 306 F.3d 1202, 1208 (2d Cir.2002).

Having reviewed the record, we agree with the district court's determination that, "[b]ased on the representations made in [the relevant documents,] . . . nothing in any agreement can be reasonably interpreted as a promise by defendants to provide plaintiffs life-long health and insurance benefits." Baldwin v. Motor Components, L.L.C., No. 03 Civ. 6228T, 2004 WL 1698600, at *3 (W.D.N.Y. Jan.20,

---

1. The Honorable Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.

2. The class was never certified, and apparently, Appellants intended to drop the class allegations. Thus, this decision is as to the four named plaintiffs only.

2004). We also agree with the district court's conclusion that the effective dates of the agreements were clear and that, since the collective bargaining agreements had expired, appellee Motor Components was free to alter the benefits plans at will.

With those findings intact, we believe that our decision in *American Fed'n of Grain Millers v. Int'l Multifoods Corp.,* 116 F.3d 976 (2d Cir.1997), controls. Once the court determined that the agreement could not reasonably be interpreted as containing a promise to vest benefits, the court properly granted the defendants' motion for summary judgment.

■ Although appellees moved for summary judgment before the date fixed for the completion of discovery, the appellants failed to present a sufficient explanation to justify a continuance or a denial of the motion to permit essential additional discovery. *See Hudson River Sloop Clearwater, Inc. v. Department of Navy,* 891 F.2d 414, 422 (2d Cir.1989). Accordingly, the district court did not abuse its discretion in proceeding without further discovery. *See Paddington Partners v. Bouchard,* 34 F.3d 1132, 1137 (2d Cir.1994).

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.