**Frank FOURNIER, Plaintiff,**

v.

**McCann ERICKSON and Microsoft Corporation, Defendants.**

No. 00 Civ. 8636(VM).

United States District Court,
S.D. New York.

March 26, 2003.

Stephen A. Weinrad, Weingrad & Weingrad, L.L.P., New York City, for Plaintiff.

Richard Dannay, Cowan Liebowitz & Latman, P.C., New York City, for Defendants.

## DECISION AND ORDER

MARRERO, District Judge.

In a relentless spate of correspondence to the Court in recent days and weeks, Stephen Weingrad, representing plaintiff Frank Fournier ("Fournier"), raises, and Richard Dannay, representing defendants McCann Erickson and Microsoft Corporation (collectively "Defendants"), responds to, various requests concerning matters of discovery in connection with this action. At the outset, the Court notes and reminds the parties that discovery formally closed months ago, and that, until recently postponed at plaintiff's request, trial of the case was scheduled to commence this week. In these circumstances, the Court expects counsel to exercise discretion in seeking allowances and accommodations regarding discovery issues at this point in the proceedings. The recently rescheduled trial date is not to be construed as an opportunity for the parties to attempt to reopen discovery to strengthen their respective cases or to correct strategic miscalculations they may have previously committed.

The Court will now address the specific issues recently raised. Mr. Weingrad requests leave to designate a marketing expert to respond to the testimony of Christine Trostle. Neither Defendants' request to add Ms. Trostle as a witness,

nor the Court's Order dated March 5, 2003 granting this request, suggest that Ms. Trostle will be permitted to testify as an expert. Indeed, in a letter to the Court from Richard Dannay dated March 18, 2003, Defendants reaffirm that Ms. Trostle will be presented as a fact witness who will testify about the scope of the Windows 2000 advertising and marketing campaign as it relates to Defendants' burden with respect to apportionment of damages. Mr. Weingrad's repeated request to designate a marketing expert is again denied. No further request regarding this matter will be considered.

■ Mr. Weingrad also seeks, once again, to introduce expert testimony about industry practice concerning damages multipliers for the misuse of material protected by the copyright laws. His reliance on the First Circuit's decision in *Bruce v. Weekly World News, Inc.*, 150 F.Supp.2d 313 (1st Cir.2001) is misplaced. While the First Circuit, and the district court below, recognized the availability of multipliers in light of the factual record of that particular case, nothing compels the same treatment in the present matter, whose factual record is not only still in development but also is likely to differ insofar as it will not include expert testimony on industry practice regarding damages multipliers. In the case at bar, expert damages testimony proposed by Fournier has been precluded, but lay testimony concerning the prevalence of multipliers in the industry has not been precluded. (*See, e.g.,* Transcript of Pretrial Discovery Conference Conducted On August 13, at 1–10; Transcript of Pretrial Discovery Conference Conducted On September 7, 2001, at 17; Decision and Order dated January 17, 2003, at 38–40, 42–45.) The Court is not persuaded that any modification of its prior rulings on this matter is warranted by the case referenced by Mr. Weingrad. No further argument on the matter of expert testimony on damages multipliers as industry custom will be considered.

Mr. Weingrad also seeks an order directing Katrine Naleid to appear for deposition and to be available to testify on Fournier's behalf at trial. The Court will not entertain Mr. Weingrad's request to reopen discovery for purposes of deposing Ms. Naleid at this stage as no suitable explanation as to why her deposition was not pursued at the appropriate time has been provided. With respect to Ms. Naleid's appearing as a trial witness for Fournier, the Court notes that Rule 45(c) of the Federal Rules of Civil Procedure outlines the process and limitations by which a litigant may compel by subpoena the appearance of a nonparty witness at trial. Ms. Naleid, it appears, is beyond the subpoena power of this Court. Accordingly, the subpoena issued to her by Mr. Weingrad is without effect.

### ORDER

For the reasons discussed above, it is hereby

**ORDERED** that Fournier's request for leave to designate a marketing expert is **DENIED**; and it is further

**ORDERED** that Fournier's request to introduce expert testimony regarding the use of damages multipliers as industry custom for misuse of work protected by the copyright laws is **DENIED**; and it is further

**ORDERED** that Fournier's request to depose Katrine Naleid is **DENIED**; and it is finally

**ORDERED** that the trial of this matter will proceed to commence on October 27, 2003.

**SO ORDERED.**