**Therese LORE, Plaintiff,**

**v.**

**CITY OF SYRACUSE; City of Syracuse Police Department; John Falge, in his official and individual capacity; First Deputy Chief Daniel Boyle, in his official and individual capacity; Deputy Chief Robert Tassone, in his official and individual capacity; City of Syracuse Mayor Roy Bernardi, in his official and individual capacity; Lieutenant Mike Rathbun, in his official and individual capacity; Captain Mike Kerwin, in his** official and individual capacity, Rick Guy, City Corporation Counsel, in his official and individual capacity; Michael Lemm, in his official and individual capacity; John Doe, in his official and individual capacity, **Defendants.**

No. 5:00 CV 1833.

United States District Court, N.D. New York.

Oct. 19, 2005.

Bosman Law Office (A.J. Bosman, of counsel), Utica, NY, Kernan, Kernan, P.C. (James W. Hyde, IV, of counsel), Utica, NY, for Plaintiff.

Smith, Sovik, Kendrick & Sugnet, P.C. (Gabrielle M. Hope, of counsel), Syracuse, NY, for Defendants.

### MEMORANDUM DECISION AND ORDER

MUNSON, Senior District Judge.

Currently before the court are two motions to reopen discovery brought by plaintiff. The first pursuant to Federal Rule of Civil Procedure 56(f), requesting an order directing defendants to produce withheld discovery evidence or be precluded from offering evidence in opposition to plaintiff's claim; the second, under Federal Rule of Civil Procedure 37, calling for an order compelling discovery or disclosure.

Rule 56(f) addresses cases where a litigant opposing summary judgment requests additional discovery, provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

In connection with a motion made pursuant to Rule 56(f), the party opposing a motion for summary judgment generally must file an affidavit explaining: "1) the nature of the uncompleted discovery, i.e., what facts are sought and how they are to be obtained; and 2) how those facts are reasonably expected to create a genuine issue of material fact; and 3) what efforts the affiant has made to obtain those facts; and 4) why those efforts were unsuccessful." *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.,* 769 F.2d 919, 926 (2d Cir.1985) ("*Burlington*"); see also *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1138 (2d Cir.1994); *Hudson River Sloop Clearwater,*

*Inc. v. Department of Navy,* 891 F.2d 414, 422 (2d Cir.1989). "[A] denial of access to relevant information weighs in favor of the party opposing a motion for summary judgment." *Burlington,* 769 F.2d at 925. *Trebor Sportswear Company v. The Limited Stores, Inc.,* 865 F.2d 506, 511 (2d Cir.1989)(motions for summary judgment denied as premature in cases where the non-moving party did not have "a fully adequate opportunity for discovery."

There is a critical distinction, however, between cases where a litigant opposing a motion for summary judgment requests a stay of that motion to conduct additional discovery and cases where that same litigant opposes a motion for summary judgment on the ground that it is entitled to an opportunity to commence discovery with respect to Plaintiff's claims and its counterclaims. In the present case, the court is faced with the first scenario. This distinction was noted by the Supreme Court in its often-cited decision in, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986): The requirement that the adverse party must set forth specific facts showing that there is a genuine issue for trial ... is qualified by Rule 56(f)'s provision that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition. The court assumes that both parties have had ample opportunity for discovery. *Id.* at 250 n. 5, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202.

█ Rule 56(f) deals primarily with requests by the nonmoving party for additional discovery; namely, where the parties have commenced discovery and had the opportunity to conduct depositions and obtain interrogatories. *B.F. Goodrich v. Betkoski,* 99 F.3d 505, 523 (2d Cir.1996) ("Rule 56(f) allows a party faced with a motion for summary judgment to request additional discovery, and the Supreme Court has suggested that such a request be granted when the nonmoving party has not had an opportunity to make full discovery."), *cert. denied,* 524 U.S. 926, 118 S.Ct. 2318, 141 L.Ed.2d 694 (1998); *Meloff v. New York Life Insurance Company,* 51 F.3d 372, 375 (2d Cir.1995).

█ The second amended complaint of plaintiff Syracuse Police Department ("SPD") Sergeant Therese Lore, alleges, *inter alia,* that she was treated differently than other sergeants at the SPD because she is a female. In her Rule 56(f) motion, she contends that defendants have not produced all discovery ordered by the court. Plaintiff asserts that defense counsel represented to the plaintiff and the court that providing a list of SPD employees who had been reprimanded, disciplined or charged with misconduct was for the immediate past three years was unduly burdensome and onerous. Defense counsel further maintained that there were over a thousand files and producing it would be essentially impossible. This resulted in Magistrate Judge Peebles' order of March 20, 2003, directing that plaintiff's counsel be provided only Internal Affairs Division ("IAD") files with respect to other sergeants' for the period 1999–2001. A subsequent order of September 30, 2003, expanded this time period to include records from 1997. The examination of the files took place at the SPD under supervision of police personnel.

On September 8, 2004, during the deposition of SPD Captain Galvin in another legal proceeding, it came to light for the first time that in addition to the IAD files, Captain Galvin kept a list consisting of 3″ × 5″ cards (now computerized) which contain summaries of every charge, allegation, and investigation conducted about every SPD employee, and the disposition thereof. These cards were not provided during plaintiff's counsel's on site review of personnel or IAD files, even though they are retained as part of the IAD files.

These summaries are additional material and constitute substantive evidence that disparate treatment, retaliation and a hostile work environment exists at the SPD. This evidence has not been provided for review, and representations were made by defense counsel and defendant Chief Falge that such materials did not exist.

In an Amended Order dated March 23, 2003, Magistrate Judge Peebles granted an order compelling discovery that permitted

review of the IAD and personnel files of all SDP sergeants only, based in part on the representation and belief that producing all of the IAD files was onerous and burdensome. Plaintiff asserts that producing these cards would not be onerous or burdensome, and because the information they contain is central to the issue of disparate treatment, retaliation, and hostile work environment in this case, plaintiff requests that an order be issued that these cards be produced immediately, or defendants be precluded from offering any evidence in opposition to plaintiff's disparate treatment, retaliation and hostile work environment.

Defendants reply that in October 2003, the law firm of Sovik, Kendrick & Sugnet, P.C., substituted from Bond, Schoneck & King, as counsel for defendants. At the time of this change of counsel, defendants had already produced and forwarded a sizable number of documents to plaintiff.

Defendant's current counsel had no involvement in the case until October 2003. Since that time they have made every effort to comply with plaintiff's discovery demands and other documentation requests. Plaintiff's counsel was given access to all IAD and personnel files at the SPD as ordered by Magistrate Judge Peebles, and was free to copy them as they pleased. Discovery was concluded by the Magistrate Judge by order dated April 30, 2004. After the closing of discovery, defendants' counsel contacted plaintiff's counsel and advised them that if they needed anything, to notify them and it would be produced.

The 3″ × 5″ note cards plaintiff's counsel learned about on September 8, 2004, and are presently seeking, have been kept by the IAD for over 20 years. They are kept in filing cabinets and not as part of the IAD files. The cards are arranged in alphabetical order by the officer's last name. They show the officer's name, the complaint number, the complainant's name, a brief description of the allegation, and the disposition of the complaint. The files have both complaints filed by citizens and those filed as a result of an internal matter. Due to the fact that the card files are massive and include the names of long retired officers, any review thereof would consume a great deal of time. IAD did not advise plaintiff's counsel about the note cards as they do not set forth any investigative information, nor do they show evidence of disparate treatment, retaliation or hostile work environment. The note cards have less information than the complete files already examined by defendant's counsel. Furthermore, because the note cards are arranged alphabetically by name, not by date, and do not include the officer's rank, much of the materials on the cards would fall outside the "only sergeants files be disclosed" prohibition in the Magistrate Judge's order.

This would be correct if all of the note cards were made available for plaintiff's examination, however, since these files are listed alphabetically by name, it would not be very difficult to extract from the general files only the note cards, if any, of the 75 sergeants whose IDA files were previously made available for plaintiff's examination. The court has made an *in camera* review of the note cards presented by defendants' counsel and concludes that they will be made available for examination by plaintiff's counsel. Therefore, plaintiff's request for inspection of the note card files is granted, but is specifically limited to the note card files, if any, of the 75 sergeants whose IDA files were previously examined, and is restricted to the years 1999–2001. Using this procedure will also insure that only the note card files that will be examined by plaintiff will be those of police officers similarly situated with plaintiff as to rank and responsibility.

Plaintiff also moves for an order under Federal Rule of Civil Procedure 37 requesting an order compelling discovery.

 James W. Hyde, IV, Esq., one of plaintiff's attorneys, avers that he contacted former SPD Chief Foody on September 14, 2004, to see if he could obtain an affidavit from him to be used as part of plaintiff's opposition to the pending summary judgment motion. Chief Foody said that he was willing to provide the information requested, but he was only willing to give a statement under oath if all parties were present. Attorney Hyde claims that based upon his conversation with Chief Foody, he believes Chief Foody has information directly relevant to a

pivotal issue in this case, the alleged discriminatory removal of the plaintiff as the Public Information Officer for the SPD. Attorney Hyde's affidavit further states the information that Chief Foody would provide, if called to testify, could refute plaintiff's allegations that her removal was proper. Defendants reply, that prior to the commencement of this action, plaintiff's counsel knew that former SPD Chief of Police James T. Foody would, in all probability, have discoverable information about this matter. A large portion of plaintiff's case is based on conversation, and things he had said to plaintiff could have been included in the discovery period. For whatever reason, plaintiff's counsel did not choose to bring him into the protracted discovery process. However, the decision not to depose the readily available Chief Foody, does not constitute good cause to re-open discovery to depose a non-party witness who plaintiff was fully aware would be material even before the lawsuit was filed.

■ Discovery should not be extended when a party had an ample opportunity to pursue the evidence during discovery. *Trebor Sportswear Co. v. The Limited Stores, Inc.,* 865 F.2d 506, 511 (2d Cir.1989) (denying further discovery when the party opposing summary judgment had a "fully adequate opportunity for discovery"); *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.,* 769 F.2d 919, 927 (2d Cir.1985) (denying plaintiff's request to reopen discovery when plaintiff had "ample time in which to pursue the discovery that it now claims is essential"); *Yrityspankki Skop Oyj v. Delta Funding Corp.,* 1999 WL 1018048, at *4 (S.D.N.Y. Nov.9, 1999) (denying request to reopen discovery since party was fully aware of the relevance of the information in question during discovery, and since it could have developed the information at that time).

Plaintiff had an ample opportunity to depose Chief Foody during the 37 months of discovery. The court will not entertain Mr. Hyde's request to reopen discovery for purposes of deposing Chief Foody at this stage as no suitable explanation as to why his deposition was not pursued at the appropriate time has been provided. *Fournier v. Erickson,* 253 F.Supp.2d 664 (S.D.N.Y.2003).

Upon a thorough examination of the parties' respective submissions regarding plaintiff's two motions to reopen discovery, the court finds that, because the 3″ × 5″ note cards are in possession of the IDA and can be considered as part of its files, or the sergeants' personnel files. Discovery will be reopened to permit plaintiff's counsel to examine the sergeants' note cards. Due to the fact that plaintiff had a fully adequate opportunity to depose Chief Foody during the protracted discovery period and did not do so, the request to reopen discovery to depose him will be denied.

Accordingly,

Plaintiff's motion to reopen discovery for inspection of the 3″ × 5″ note cards is **GRANTED,** but is strictly limited to the note cards, if any, of the 75 sergeants whose IAD's investigation files were previously examined by plaintiff's attorney. The note cards required to be produced, discovery of which is compelled by this order, shall be provided to plaintiff's counsel within 30 days of this order during normal business hours at the Syracuse Police Department on a date to be mutually agreed upon by the parties. Plaintiff's counsel shall have a total of eight hours to inspect and/or photocopy the 3″ × 5″ note cards produced. If plaintiff's counsel plans to copy some or all of the note cards, she is directed to bring, or have delivered, a copier to the police office where the 3″ × 5″ note be will be reviewed. Plaintiff's motion to reopen discovery to depose Chief Foody is **DENIED.**

**IT IS SO ORDERED.**