**Rubina SHAHEEN, M.D.,**
**Plaintiff–Appellant,**

v.

**Dr. John NAUGHTON; Dr. Roseanne Berger; Dr. Thomas Rosenthal; and Dr. Daniel Morelli, Defendants–Appellees,**

**12**

**Dr. Michael Noe, Defendant.**

**No. 05–6550–cv.**

United States Court of Appeals,
Second Circuit.

Feb. 21, 2007.

Barbara M. Sims, Buffalo, NY, for Plaintiff–Appellant.

Denise A. Hartman, Assistant Solicitor General (Andrea Oser, Assistant Solicitor General, Eliot Spitzer, Attorney General of the State of New York, on the brief), Office of the New York State Attorney General, Albany, NY, for Defendants–Appellees.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. GUIDO CALABRESI, Circuit Judge, and Hon. RICHARD M. BERMAN, District Judge.*

## SUMMARY ORDER

Plaintiff-appellant Rubina Shaheen appeals from a final judgment entered on November 4, 2005 in the U.S. District Court for the Western District of New York (Elfvin, J.). The district court granted summary judgment on all claims to defendants-appellees. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

■ [1] The district court did not abuse its discretion in denying Dr. Shaheen's motion for an extension of the discovery deadline. "The management of discovery lies within the sound discretion of the district court, and the court's rulings on discovery will not be overturned on appeal absent an abuse of discretion." *Grady v. Affiliated Cent., Inc.*, 130 F.3d 553, 561 (2d Cir.1997). In the circumstances present here—a request by a recalcitrant plaintiff, on the eve of expiration of a seven-month discovery deadline, without a statement of good cause—it was plainly within the court's discretion to deny the motion.

■ Even if Dr. Shaheen's motion were construed as one under Federal Rule of Civil Procedure 56(f), denial was appropriate. Rule 56(f) provides for additional discovery where necessary to gather additional facts "essential to justify the party's opposition" to a summary judgment motion, Fed.R.Civ.P. 56(f), if the movant "file[s] an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful," *Gualandi v. Adams*, 385 F.3d 236, 244–45 (2d Cir.2004) (citations omitted); *cf. Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir.1994) (holding that even if a Rule 56(f) motion is properly supported, a district court may refuse to allow additional discovery "if it deems the request to be based on speculation as to what potentially could be discovered."). Dr. Shaheen addressed none of these factors; and even if she had, on the present record denial would not have been an abuse of discretion. *See Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos.*, 265 F.3d 97, 117 (2d Cir.2001).

■ [2] Dr. Shaheen does not offer even "minimal" evidence to demonstrate that defendants, or any one of them, took an adverse action. *See Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir.2005). She offers no evidence supporting her contention that Drs. Naughton, Rosenthal and Berger provided any evaluations, let alone negative ones. And, with respect to Dr. Morelli's June 1998 letter, Shaheen has acknowledged that the letter was materially accurate. But in any event, it was written and sent well outside of the three-year statute of limitations. *See Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 225 (2d Cir.2004).

Instead of presenting evidence of an adverse action, Dr. Shaheen merely speculates that her failure to secure another

* The Honorable Richard M. Berman, United States District Court for the Southern District of New York, sitting by designation.

residency must have been a result of negative evaluations made by the defendants. In opposing a motion for summary judgment, the non-moving party may not rely on conclusory allegations or unsubstantiated speculation. *See Scotto v. Almenas,* 143 F.3d 105, 114 (2d Cir.1998). Dr. Shaheen has adduced no specific facts indicating that a genuine factual issue exists. *See Wright v. Coughlin,* 132 F.3d 133, 137 (2d Cir.1998).

[3] Even if Dr. Shaheen could demonstrate that defendants took an adverse action, she has proffered no evidence of a causal connection between such action and her filing of the 1996 lawsuit. Proof of causation can be shown either: "(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Gordon v. New York City Bd. of Educ.,* 232 F.3d 111, 117 (2d Cir.2000). Because Dr. Shaheen offers neither direct nor indirect proof of a causal connection, dismissal was also justified on this ground.

The judgment of the district court is hereby **AFFIRMED**.