*585 SUMMARY ORDER
Plaintiff-Appellant Ganiyu A. Jaiyeola, pro se, appeals from a judgment of the United States District Court for the Northern District of New York (Kahn, J.), granting summary judgment in favor of Defendant-Appellee Carrier Corporation (“Carrier”) in Jaiyeola’s action brought pursuant to Title VII, 42 U.S.C. § 2000e et seq., and denying his motion for additional discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
I. Summary Judgment
We review an order granting summary judgment de novo, and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.2003).
In order to make out a prima facie case of discrimination in violation of Title VII, a plaintiff must show that: (1) he is a member of a protected class; (2) he performed the job satisfactorily; (3) an adverse employment action took place; and (4) the action occurred under circumstances giving rise to an inference of discrimination. See Dawson v. Bumble & Bumble, 398 F.3d 211, 216 (2d Cir.2005); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 & n. 13, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Once a plaintiff alleges a prima facie case of discrimination, the burden of production shifts to the employer to demonstrate a legitimate, nondiscriminatory reason for the adverse employment decision. See Shumway v. United Parcel Serv., Inc., 118 F.3d 60, 63 (2d Cir.1997); see also McDonnell Douglas, 411 U.S. at 802-04, 93 S.Ct. 1817. The burden then shifts back to the plaintiff to present evidence that the employer’s proffered reason is a pretext for an impermissible motivation. See McDonnell Douglas, 411 U.S. at 804-05, 93 S.Ct. 1817. “Thus, once the employer has proffered its nondiscriminatory reason, the employer will be entitled to summary judgment ... unless the plaintiff can point to evidence that reasonably supports a finding of prohibited discrimination.” James v. N.Y. Racing Ass’n, 233 F.3d 149, 154 (2d Cir.2000).
Here, the district court properly found that the Appellant failed to establish that his termination occurred under circumstances giving rise to an inference of discrimination. In this case, where the person who fired the Appellant also had hired the Appellant, see Schnabel v. Abramson, 232 F.3d 83, 91 (2d Cir.2000), where there was evidence of prior poor performance, and where it was clear that a decision to downsize had been made, the circumstances cannot be said to support a prima facie case of discrimination. Moreover, even if he had established a prima facie case, Jaiyeola failed to rebut Carrier’s legitimate, non-retaliatory reason for his termination — that same downsizing of his department, in which he was the weakest performer, leading ultimately to the elimination of the entire department. His claim that his supervisor, rather than he, was to blame for failings in his assigned projects gives rise to no inference of discrimination. See Lizardo v. Denny’s, Inc., 270 F.3d 94, 104 (2d Cir.2001) (finding that plaintiffs must do more than “cite to their mistreatment and ask the court to conclude that it must have been related to their race”). Furthermore, his supervisor’s alleged remarks that she did not know what he was saying in project meetings and that she did not hire people she did not understand are insufficient to create a triable issue of fact as to pretext. *586 Jaiyeola produced no evidence to support his speculation that either statement was racially motivated. See Bickerstaff v. Vassar Coll., 196 F.3d 435, 452 (2d Cir.1999) (“Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment.”).
II. Rule 56(f)
This Court reviews a district court’s denial of a motion under Rule 56(f) for abuse of discretion, and will not reverse where a plaintiff has failed to show “how the facts sought are reasonably expected to create a genuine issue of material fact.” Paddington Partners v. Bouchard, 34 F.3d 1132, 1137-38 (2d Cir.1994). Here, Plaintiff-Appellant failed to make such a showing, nor did he even identify the facts that he sought. Furthermore, he had ample time — during which he retained counsel — to pursue the requested discovery. See Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 928 (2d Cir.1985).
We do not consider Appellant’s claims, raised for the first time on appeal, regarding the validity of an unsigned performance evaluation or his supervisor’s failure to ask him to lead team meetings. See Singleton v. Wulff, 428 U.S. 106, 120-21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) (“It is the general rule ... that a federal appellate court does not consider an issue not passed upon below.”).
We have considered all of Appellant’s remaining arguments on appeal and find them to be without merit. Accordingly, there is no basis on which to challenge the judgment of the district court, and it is hereby AFFIRMED.