11-1413-cv
Falso v. Rochester City School District

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of February, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
>> *Chief Judge,*
> GUIDO CALABRESI,
> ROSEMARY S. POOLER,
>> *Circuit Judges.*

_____

ANTHONY FALSO

*Plaintiff-Appellant,*

v.                                              11-1413-cv

ROCHESTER CITY SCHOOL DISTRICT,

*Defendant-Appellee.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Anthony Falso, pro se, Rochester, N.Y. |
| **FOR DEFENDANT-APPELLEE:** | Michael E. Davis, for Charles G. Johnson, General Counsel, Rochester, N.Y. |

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Anthony Falso, <u>pro se</u>, appeals from the district court's judgment dismissing his employment discrimination complaint on the Defendant's motion for summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a grant of summary judgment <u>de novo</u> and consider whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. See <u>Miller v. Wolpoff & Abramson, L.L.P.</u>, 321 F.3d 292, 300 (2d Cir. 2003). "In determining whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." <u>Terry v. Ashcroft</u>, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). Summary judgment is

appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Having conducted an independent and de novo review of the record in light of these principles, we affirm the district court's decision for substantially the same reasons stated by the district court in its March 31, 2011, decision. Falso advances no specific facts or admissible evidence that he was terminated on the basis of his Italian-American national origin or evidence disputing the Defendant's showing that he was fired from his substitute teaching position because of complaints about his performance received from four different schools. Instead, Falso simply relied on his allegation that a school administrator told him "we don't need your kind in our school," that this remark was directed at his Italian-American heritage, and offered an alternative theory--unsupported by any evidence--that the Defendant's automated telephone calling system discriminated against him and other ethnic minorities. These assertions were insufficient to satisfy Falso's burden of opposing the Defendant's motion

3

for summary judgment.  See Bickerstaff v. Vassar Coll., 196 F.3d 435, 452 (2d Cir. 1999) ("Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment."); Kulak v. City of N.Y., 88 F.3d 63, 71 (2d Cir. 1996) ("[C]onclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment.").

Falso also argues that he was not afforded adequate discovery prior to summary judgment.  The Federal Rules of Civil Procedure permit a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Under this rule, "[a] party must be afforded a meaningful opportunity to establish the facts necessary to support his claim."  In re "Agent Orange" Prod. Liab. Litig., 517 F.3d 76, 103 (2d Cir. 2008).  Falso received just that--he served the Defendant with a list of interrogatories seeking, inter alia, the number of substitute teachers and other employees of the Defendant who were Italian-American, and the Defendant disclaimed knowledge because it did not maintain records of employee ethnicity according to that

4

classification.  Although Falso now asserts on appeal that the Defendant's discovery responses were inadequate, he never moved in the district court to compel further discovery under Fed. R. Civ. P. 37(a).  Though he mentioned the need for additional discovery in his opposition to summary judgment, Falso did not submit an affidavit in the district court setting forth the additional facts he sought to discover under Fed. R. Civ. P. 56(d).  That omission "is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate."  Paddington Partners v. Bouchard, 34 F.3d 1132, 1137 (2d Cir. 1994) (addressing former Fed. R. Civ. P. 56(f)).

We have considered Falso's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk