12-4112-cv
Benson v. Otis Elevator Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand fourteen.

Present:
>ROBERT A. KATZMANN,
>>*Chief Judge*,
>RALPH K. WINTER,
>GUIDO CALABRESI,
>>*Circuit Judges*.

_____

KELLEY STAPLES BENSON,

>*Plaintiff-Appellant*,

>v.                                                          No. 12-4112-cv

OTIS ELEVATOR COMPANY, UNITED
TECHNOLOGIES CORPORATION, and JACK HAGER,

>*Defendants-Appellees*.

_____

For Plaintiff-Appellant:        ERIC ANDREW SUFFIN, Law Firm of Eric A. Suffin, New York, NY

For Defendant-Appellee:         KRISTIN G. MCGURN (Mary E. Ahrens, *on the brief*), Seyfarth Shaw LLP, New York, NY

Appeal from the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Kelley Staples Benson appeals from a September 14, 2012 judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*), granting summary judgment to Defendants-Appellees Otis Elevator Company ("Otis"), United Technologies Corporation ("UTC"), and Jack Hager on Benson's employment discrimination claims under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296(1)(a), and the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code § 8-107(1)(a). Benson, a former Otis employee who was assigned to the Service Sales department of Otis's Manhattan South Branch as part of Otis's Leadership Rotation Program ("LRP"), alleges that the defendants terminated her employment because she is African-American. On appeal, Benson argues that the district court improperly resolved genuine issues of material fact against her and that her claims should have been allowed to proceed to a jury trial. Benson also challenges the district court's denial of her request for an extension of fact discovery, as well as the district court's issuance of a protective order governing the treatment of confidential discovery materials. We presume the parties' familiarity with the facts and procedural history of this case.

We review a district court's grant of summary judgment *de novo*, resolving all ambiguities and drawing all reasonable inferences in favor of the nonmoving party. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108 (2d Cir. 2013). Summary judgment

2

is appropriate only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Both the NYSHRL and NYCHRL prohibit employers from, among other things, discriminating on the basis of race or color. N.Y. Exec. Law § 296(1)(a); N.Y. City Admin Code § 8-107(a)(1). We analyze claims under the NYSHRL under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Estate of Hamilton v. City of New York*, 627 F.3d 50, 55 (2d Cir. 2010) (per curiam), *abrogated on other grounds by Mihalik*, 715 F.3d at 108–09. Under that framework, if a plaintiff puts forth a prima facie case of discrimination and the defendant then provides a nondiscriminatory justification for its actions, the burden shifts back to the plaintiff to prove that the proffered justification is pretextual. *McDonnel Douglas*, 411 U.S. at 802–04. We analyze claims under the NYCHRL "separately and independently from any federal and state law claims," and construe the NYCHRL "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible." *Mihalik*, 715 F.3d at 109 (internal quotation marks omitted). An employer "is entitled to summary judgment [under the NYCHRL] only if the record establishes as a matter of law that 'discrimination play[ed] *no* role' in its actions." *Id.* at 110 n.8 (quoting *Williams v. N.Y.C. Hous. Auth.*, 872 N.Y.S.2d 27, 40 n.27 (N.Y. App. Div. 2009)).

In this case, the defendants contend that Benson's employment was terminated as part of a company-wide "reduction-in-force" program because her position was no longer suited to Otis's business needs and because her performance was subpar. Benson argues that these rationales were pretextual, pointing to a few comments made by two superiors, the fact that other non-African American LRP participants were not fired as part of the downsizing program, and a

3

series of workplace grievances. But while two of the comments Benson cites certainly had racial undertones, there is no evidence that they were malicious. In any event, the two comments occurred more than a year before Benson's termination, and were not made by Defendant Hager, the manager with sole responsibility for Benson's termination. Additionally, the record is devoid of evidence that the other LRP participants to whom Benson refers, who worked under different managers in other branches and regions, were similarly situated to Benson. There is likewise no evidence that any of the actions underlying Benson's grievances were attributable to her race or color. In sum, we find no evidence in the record that would allow a reasonable jury to conclude that the defendants' proffered justifications were pretextual, or that race or color played any role in Benson's termination.

Turning to Benson's aiding and abetting claims, because Benson failed to raise a genuine factual dispute with respect to the defendants' discriminatory intent, the district court properly dismissed these claims for failure to adduce evidence sufficient to establish a primary violation. *See, e.g.*, *Strauss v. N.Y. State Dep't of Educ.*, 805 N.Y.S.2d 704, 709 (N.Y. App. Div. 2005);.

As to Benson's discovery challenges, we review a district court's discovery rulings for abuse of discretion. *Wood v. FBI*, 432 F.3d 78, 82 (2d Cir. 2005). Benson first argues that the district court abused its discretion by denying her request to extend the deadline for fact discovery. But when opposing the defendants' motion for summary judgment, Benson failed to submit an affidavit or declaration under Federal Rule of Civil Procedure 56(d) explaining why evidence necessary to justify her opposition was not available to her. "[T]he failure to file an affidavit under [this rule] is itself sufficient grounds to reject a claim that the opportunity for

4

discovery was inadequate." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994).[1]

Benson also argues that the district court abused its discretion in issuing a protective order governing the treatment of confidential discovery materials. We find no merit in Benson's contention that this order somehow relieved the producing party of its burden to show that confidential treatment was necessary and shifted the burden to the nonproducing party to show that protection was unnecessary. In any event, Benson identifies no discovery material that was inappropriately designated as confidential, nor does she explain how her inability to disclose such material to third parties harmed her in any way.

We have considered all of the plaintiff's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] Before 2010, Rule 56(d) was codified as Rule 56(f). *See* Fed. R. Civ. P. 56, Advisory Comm. Notes (2010 Amendments) ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).").