15-943-cv
*Trane v. Northrop Gruman Corp.*


UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand and sixteen.

Present:
        JOHN M. WALKER, JR.,
        GUIDO CALABRESI,
        PETER W. HALL,
                *Circuit Judges.*

_____

JOHN TRANE,

                        *Plaintiff-Appellant,*


        v.                                                          No.  15-943-cv


NORTHROP GRUMMAN CORPORATION,

                        *Defendant-Appellee.*

_____

For Plaintiff-Appellant:            JOHN TRANE, pro se, Great Neck, NY.

For Defendant-Appellee:            CHRISTOPHER A. PARLO, Melissa C. Rodriguez,
                                   Morgan, Lewis & Bockius, LLP, New York, NY.

_____

        Appeal from a judgment of the United States District Court for the Eastern District of

New York (Kuntz, *J.*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Appellee's motion to strike is **GRANTED** and the judgment of the district court is **AFFIRMED**.

Appellant John Trane, proceeding pro se, appeals the district court's judgment dismissing his claims that his former employer, Northrop Grumman Corporation ("Northrop Grumman"), discriminated against him based on his disability and Iranian national origin, and retaliated against him for complaining about the discriminatory acts, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., and the New York State Human Rights Law, N.Y. Exec. Law § 296. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Northrop Grumman moves to strike Trane's newly-raised age discrimination claim and portions of his appendix that were not submitted to the district court on summary judgment. The motion is granted. *See Leibowitz v. Cornell Univ.*, 445 F.3d 586, 592 n.4 (2d Cir. 2006) (declining to supplement record with new evidence in Title VII case in which appellant did not show it was mistakenly omitted from record on appeal); *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal."). Accordingly, we review only the disability and national origin discrimination claims raised before the district court.

We review *de novo* a district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine [dispute as to any] material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We must

"resolve all ambiguities and draw all factual inferences in favor of the [non-movant]." *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999) (quoting *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995)). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Upon review, we conclude that the district court properly granted summary judgment in favor of Northrop Grumman. We affirm for substantially the reasons stated by the district court in its thorough March 10, 2015 order.

On appeal, Trane argues that Northrop Grumann did not permit him to depose certain witnesses. This argument is unpersuasive. The Federal Rules of Civil Procedure allow "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "A party must be afforded a meaningful opportunity to establish the facts necessary to support his claim." *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008). Nothing suggests that Trane was not given that opportunity, and neither he nor his attorney raised any concern in the district court that additional depositions were needed. He never moved to compel discovery under FRCP 37(a). He failed to raise the need for additional depositions during the summary judgment proceedings; he could have submitted an affidavit setting forth the additional facts he sought to discover, as required by FRCP 56(d). *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994) (explaining that failure to submit affidavit "is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate" when addressing the former Rule 56(f)).

3

We have considered all of Trane's arguments and find them to be without merit. Accordingly, we **GRANT** the motion to strike and **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk