Sura v. Zimmer Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand nineteen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

Kevin Sura,

> *Plaintiff-Appellant,*

> v.                                                              18-1464

Zimmer, Inc., Zimmer Holdings, Inc. Zimmer Orthopedic Surgical Products, Inc.,

> *Defendants-Appellees,*

**Does 1 Through 10, inclusive,**

*Defendant.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Kevin M. Sura, pro se, Colorado Springs, CO. |
| **FOR DEFENDANTS-APPELLEES:** | Eldin Hasic, Faegre Baker Daniels LLP, Fort Wayne, IN. |

Appeal from a judgment of the United States District Court for the Western District of New York (Telesca, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In this diversity action, Plaintiff Kevin Sura, pro se, sued Zimmer, Inc. and its related companies, alleging that Zimmer negligently designed his knee implant. The district court granted summary judgment to the Defendants because Sura failed to identify an expert witness who could offer evidence of causation and therefore could not prove his negligent design claim. Sura appeals, arguing that he should have been given more time to complete discovery. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

The district court properly granted summary judgment to the Defendants. Sura asserted a claim for negligent design, a common law tort. In diversity cases, the court applies "state substantive law and federal procedural law." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (Stevens, *J.*, concurring) (internal quotation marks omitted). Under New York law, a plaintiff asserting a claim for negligent design must show that the design defect caused his injury. *See Tardella v. RJR Nabisco, Inc.*, 178 A.D.2d 737, 737 (3d Dep't 1991). The plaintiff is "required to produce expert opinion evidence based on suitable hypotheses in order to support a finding of causation" when the case involves issues beyond the knowledge of a layperson. *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 268 (2d Cir. 2002) (internal quotation marks omitted).

Sura claims that a design defect in Defendants' knee implant caused recurring pain, restricted range of motion and flexibility, and instability. Since determining the cause of these symptoms is beyond the "experience and observation" of the ordinary jury, Sura needed expert testimony. *Meiselman v. Crown Heights Hosp.*, 285 N.Y. 389, 396 (1941).

Sura argues that he would have proven causation if permitted to continue discovery. We construe this as an argument that the district court abused its discretion by failing to extend time for discovery pursuant to Federal Rule of Civil Procedure 56(d). Rule 56(d) permits the district court to defer summary judgment or permit additional discovery when the nonmovant files an affidavit or declaration stating that, "for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). We review denials of discovery extensions under this rule for abuse of discretion. *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994) (citing former Federal Rule of Civil Procedure 56(f)).

The district court did not abuse its discretion. "A court can reject a request for discovery, even if properly and timely made . . . , if it deems the request to be based on speculation as to what potentially could be discovered." *Id.* at 1138. Sura argues that he needed additional time to depose his surgeons before he could hire an expert, but does not explain why he failed to depose them until February 2018 despite knowing who they were and being in possession of his medical records from the beginning of the case. Nor did Sura specify any information from these depositions that would enable him to hire an expert witness.

3

Sura contends that he missed the deadline for expert disclosure because Defendants did not produce essential documents until a few days prior to the deadline. But the timing of Defendants' production was reasonable in light of Sura's document requests. Federal Rule of Civil Procedure 34(b)(2)(A) requires a written response to document requests within 30 days, but does not specify a specific time for documents to be produced; a production is required within a reasonable time if the document request did not specify a time. Sura made his initial document requests on September 12, 2017, six months into the discovery period, and Defendants responded on October 13, 2017 by objecting to the requests and asking Sura to sign a protective order. Sura signed the protective order without objection over a month later, on November 16, 2017; Defendants filed the joint motion for the order on November 22, 2017; and it was entered by the magistrate judge on November 28, 2017. Defendants produced the requested documents on December 28, 2017, 30 days later. At no point did Sura object to the use of a protective order or the length of time involved. Under these circumstances, the district court did not abuse its discretion by denying a further extension of time while a motion for summary judgment was pending. *Id.* at 1139 ("Requests for discovery in the face of motions for summary judgment put forth by parties who were dilatory in pursuing discovery are disfavored[.]").

We have reviewed the remainder of Sura's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4