Maloul v. Berkowitz

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand nineteen.

PRESENT:
> JOHN M. WALKER, JR.,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

---

Allen Lowy, Avner Maloul,

> *Plaintiffs-Appellants*,

v.                                                                18-593

VSUS Technologies, Inc.,

> *Defendant-Appellee*,

Ivan Berkowitz, Great Court Capital, LLC, SD Partners, LLC, Jeffrey Rinde, Hodgson Russ LLP, Utix Group, Inc., Sunset Brands, Inc.,

> *Defendants*.

---

**FOR PLAINTIFFS-APPELLANTS:** Allen Lowy, pro se, New York, NY.

**FOR DEFENDANT-APPELLEE:** No appearance.

Appeal from an order of the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court dated February 2, 2018, is **AFFIRMED**.

Appellants Avner Maloul and Allen Lowy[1] appeal from a district court order denying their 2018 motion under Federal Rule of Civil Procedure 60(a) to reopen a 2007 lawsuit that was terminated in May 2011, pursuant to a "Stipulation of Discontinuance" (the "Stipulation"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

"A district court's decision on a Rule 60 motion is reviewed for abuse of discretion." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1140 (2d Cir. 1994). A court abuses its discretion "when its decision rests on an error of law or a clearly erroneous factual finding, or when its decision, though not necessarily the product of legal error or a clearly erroneous finding of fact, cannot be located within the range of permissible decisions." *United States v. Gonzalez*, 647 F.3d 41, 57 (2d Cir. 2011).

Rule 60(a) provides that a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Rule 60(a) applies only to "changes that implement the result intended by the court at the time the order was entered"; it does not permit "changes that alter the original meaning to correct a legal or factual error." *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 150-

---

[1] Lowy, an attorney, is both representing Maloul and representing himself pro se.

51 (2d Cir. 1999) (quoting *Kokomo Tube Co. v. Dayton Equip. Servs. Co.*, 123 F.3d 616, 623 (7th Cir. 1997)).

The district court did not abuse its discretion in concluding that the termination of the case in May 2011 did not constitute or reflect a "clerical error" within the meaning of Rule 60(a). The Stipulation's caption and text suggest that the parties intended at the time to terminate the whole of the "above-entitled action." App'x 41. Although not all "remaining defendants" were identified by name in the text or signature lines of the Stipulation, its caption named all defendants and the document provided that it covered the "remaining defendants," as to which the action was "discontinued[] with prejudice." *Id.* For the next four years, the plaintiffs took no additional steps regarding the action or the defendants who were not named by the Stipulation. Thus, even if the Clerk of Court erred by terminating the case, the error was not "clerical" within the meaning of Rule 60(a); rather, any mistake was one of interpretation, and not amenable to "correction" under Rule 60. *See Rezzonico*, 182 F.3d at 150-51.

Maloul and Lowy argue in the alternative that their prior counsel erred in filing a document that suggested the case as a whole was terminated, and that, because his act was contrary to their intent, his error should not be attributed to them. They forfeited this argument, however, by failing to raise it before the district court. *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016) (explaining that this Court generally does not consider issues raised for the first time on appeal). In any event, civil litigants are generally deemed bound by the acts of their counsel. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 396 (1993) ("[C]lients must be held accountable for the acts and omissions of their attorneys.").

3

We have considered Maloul and Lowy's remaining arguments and conclude that they are without merit.  Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4